FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 26 2018 ★
LONG ISLAND OFFICE

FILED
CLERK
2018 APR 26 PM 2:37
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 18- 2473

---------------------------------------------------------------------X

FRANCISCO AMAYA and CESAR FUENTES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ED'S LANDSCAPES & SERVICES, CORP. and EDUARDO CARMONA, as an individual,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

HURLEY, J.

LOCKE, M.J.

1. Plaintiff, **FRANCISCO AMAYA and CESAR FUENTES, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **FRANCISCO AMAYA and CESAR FUENTES, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **ED'S LANDSCAPES & SERVICES, CORP., and EDUARDO CARMONA, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at ED'S LANDSCAPES & SERVICES, CORP., located at 8 Partridge Drive, Sag Harbor, New York 11963.
3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 26 2018 ★

LONG ISLAND OFFICE

CV18- 2473

BULSARA, M.J.

BLOCK, J.

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff FRANCISCO AMAYA residing 28 Wood Avenue, Mastic, New York 11950, was employed by Defendants at ED'S LANDSCAPES & SERVICES, CORP. from in or around March 2013 until in or around December 2017.
9. Plaintiff CESAR FUENTES residing 97 Broadway, Shirley, New York 11967, was employed by Defendants at ED'S LANDSCAPES & SERVICES, CORP. from in or around May 2017 until in or around December 2017.
10. Upon information and belief, Defendant, ED'S LANDSCAPES & SERVICES, CORP., is a corporation organized under the laws of New York with a principal executive office at 8 Partridge Drive, Sag Harbor, New York 11963.
11. Upon information and belief, Defendant, ED'S LANDSCAPES & SERVICES, CORP., is a corporation authorized to do business under the laws of New York.
12. Upon information and belief, Defendant EDUARDO CARMONA owns and/or operates ED'S LANDSCAPES & SERVICES, CORP.
13. Upon information and belief, Defendant EDUARDO CARMONA is the Chairman of the Board of ED'S LANDSCAPES & SERVICES, CORP.

14. Upon information and belief, Defendant EDUARDO CARMONA is the Chief Executive Officer of ED'S LANDSCAPES & SERVICES, CORP.
15. Upon information and belief, Defendant EDUARDO CARMONA is an agent of ED'S LANDSCAPES & SERVICES, CORP.
16. Upon information and belief, Defendant EDUARDO CARMONA has power over personnel decisions at ED'S LANDSCAPES & SERVICES, CORP.
17. Upon information and belief, Defendant EDUARDO CARMONA has power over payroll decisions at ED'S LANDSCAPES & SERVICES, CORP.
18. Defendant EDUARDO CARMONA has the power to hire and fire employees at ED'S LANDSCAPES & SERVICES, CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant EDUARDO CARMONA was Plaintiffs' employer within the meaning of the FLSA and NYLL.
20. On information and belief, ED'S LANDSCAPES & SERVICES, CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

21. Plaintiff FRANCISCO AMAYA was employed by Defendants at ED'S LANDSCAPES & SERVICES, CORP. from in or around March 2013 until in or around December 2017.
22. During Plaintiff FRANCISCO AMAYA'S employment by Defendants at ED'S LANDSCAPES & SERVICES, CORP., Plaintiff's primary duties were as a landscaper, laborer and performing other miscellaneous duties from in or around March 2013 until in or around December 2017.

23. However, Plaintiff regularly stopped working after the first week of December each winter season and would return to work at the beginning of March at the end of each winter season during his employment with Defendants.

24. As such, Plaintiff regularly did not work during the months of December, January and February each year of his employment with Defendants.

25. Plaintiff FRANCISCO AMAYA was paid by Defendants approximately $1,270.00 per week from in our around March 2013 until in or around December 2017 during the months in which he was employed by Defendants.

26. Plaintiff FRANCISCO AMAYA worked approximately seventy-two (72) hours per week at ED'S LANDSCAPES & SERVICES, CORP. from in or around March 2013 until in or around December 2017 during the months in which he was employed by Defendants.

27. Although Plaintiff FRANCISCO AMAYA worked approximately seventy-two (72) or more per week during his employment by Defendants from in or around March 2013 until in or around December 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Plaintiff CESAR FUENTES was employed by Defendants at ED'S LANDSCAPES & SERVICES, CORP. from in or around May 2017 until in or around December 2017.

29. During Plaintiff CESAR FUENTES'S employment by Defendants at ED'S LANDSCAPES & SERVICES, CORP., Plaintiff's primary duties were as a landscaper, laborer and performing other miscellaneous duties from in or around May 2017 until in or around December 2017.

30. Plaintiff CESAR FUENTES was paid by Defendants approximately $1,270.00 per week from in our around May 2017 until in or around December 2017 during the months in which he was employed by Defendants.

31. Plaintiff CESAR FUENTES worked approximately seventy-two (72) hours per week at ED'S LANDSCAPES & SERVICES, CORP. from in or around May 2017 until in or around December 2017 during the months in which he was employed by Defendants.

32. Although Plaintiff CESAR FUENTES worked approximately seventy-two (72) or more per week during his employment by Defendants from in or around May 2017 until in or around December 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

35. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

37. Collective Class: All persons who are or have been employed by the Defendants as landscapers, laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

38. Upon information and belief, Defendants employed approximately 20 to 25 employees within the relevant time period who were subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
40. Defendants' unlawful conduct has been widespread, repeated, and consistent.
41. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
43. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
45. The claims of Plaintiff are typical of the claims of the putative class.
46. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

48. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
49. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of
29 U.S.C. §§206(a) and 207(a).
52. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
54. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
**Overtime Wages Under New York Labor Law**

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
56. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
57. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
58. Due to Defendants' New York Labor Law violations, Plaintiffs were entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well

    as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
60. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
61. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
63. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
64. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 18th day of April 2018.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCISCO AMAYA and CESAR FUENTES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ED'S LANDSCAPES & SERVICES, CORP., and EDUARDO CARMONA, as an individual,

Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**
**ED'S LANDSCAPES & SERVICES, CORP.**
**8 PARTRIDGE DRIVE**
**SAG HARBOR, NEW YORK 11963**

**EDUARDO CARMONA**
**8 PARTRIDGE DRIVE**
**SAG HARBOR, NEW YORK 11963**