

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

April 9, 2019

**Via ECF**
The Honorable Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Amaya v. Ed's Landscapes & Services, Corp., et al.**
   18-cv-2473 (DRH)(SIL)

Dear Judge Locke:

  We represent Plaintiffs in the above-matter and we submit this motion jointly with Defendants seeking approval of the parties' Settlement Agreement (attached hereto as Exhibit A) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.2015).

  Plaintiffs Francisco Amaya and Cesar Fuentes ("Plaintiffs") brought this action alleging that Defendants Ed's Landscapes & Services, Corp. and Eduardo Carmona ("Defendants") failed to pay Plaintiffs proper overtime wages during their employment with Defendants. Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs also brought additional causes of action pursuant to the NYLL, alleging that Defendants failed to provide proper wage notices and wage statements to Plaintiffs.

  Plaintiffs alleged that they worked approximately seventy-two (72) hours per for approximately nine months of the calendar year. Plaintiffs alleged that they were not compensated at time-and-a-half their regular rates of pay when they worked in excess of forty (40) hours per work week.

  Plaintiffs' initial calculation of damages was in excess of $500,000.00, however, this was prior to receiving Plaintiffs' time records provided by Defendants' counsel. This figure also included 100% liquidated damages. After carefully reviewing and analyzing the records provided by Defendants, Plaintiffs' calculation of damages was approximately $200,000.00, including unpaid wages, 100% liquidated damages and statutory penalties.

Defendants' position is that Plaintiffs were paid for all hours worked, as supported by the aforementioned time records, and did not willfully violate any provision of the FLSA or NYLL.

Though Plaintiff claimed approximately $200,000.00 in damages should they have prevailed on all of their claims at trial, Plaintiff recognized the risks to continuing to litigate this matter and proceeding through trial. Plaintiffs also recognized the potential effect that Defendants' records could have at the time of trial. Therefore, after acknowledging the above risks, the parties agreed to settle at $95,000.00, inclusive of attorneys' fees and expenses, so as to avoid the inherent risks contained in trying this matter.

Plaintiffs will receive $62,642.00 after attorneys' fees and expenses have been deducted from the settlement amount. Plaintiff Amaya will receive $50,000.00, and Plaintiff Fuentes will receive $12,642.00 as a result of the settlement. These amounts are based on Plaintiffs' individualized calculations of damages, which take into account the length of each Plaintiff's employment, the hours worked by each Plaintiff and the pay received by each Plaintiff.

Plaintiffs' counsel respectfully requests $1,037.00 for identifiable expenses, which includes: the Eastern District of New York filing fee ($400.00), the costs of serving the Defendants through their process server, Anke Judicial Services ($330.00), the EDNY annexed mediation fee ($300.00) and $7.00 in postage fees.

Plaintiffs' counsel respectfully requests one-third of the settlement less their expenses ($93,963.00), or approximately $31,321.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $32,358.00.

Plaintiffs' attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs' counsel is requesting attorneys' fees in the amount of one-third of the settlement total pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases and the

Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/_____
James O'Donnell, Esq.